IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 21-2149-JWL |
| JOANN WILLIAMS; ) STACI JANISSE; and ) CONSTANCE MEYER, ) ) | |
| Defendants. ) ) _____) | |

## MEMORANDUM AND ORDER

In this interpleader action, plaintiff insurer deposited life insurance proceeds into the Court and was subsequently dismissed from the case, leaving defendants to litigate their entitlement to the proceeds. The matter comes before the Court on the sealed motion by defendants JoAnn Williams and Staci Janisse to enforce a settlement agreement between them and defendant Constance Meyer (Doc. # 75). As more fully set forth below, the Court **grants** the motion, and the Clerk is ordered to pay out the entirety of the amount held by the Court to the trust account of counsel for Williams and Janisse (as agreed by the parties).

The facts concerning the parties' settlement negotiations do not appear to be in dispute. Preliminary negotiations by counsel proceeded as follows: Meyer made a written settlement offer on June 8, 2022; by telephone on August 29, 2022, Williams and Janisse made a counteroffer of a different division of the proceeds; by email on August 30, 2022,

Meyer rejected the proposed division and made an offer of a different division; and on September 21, 2022, Williams and Janisse rejected the Meyer's August 22 offer. Additional negotiations were conducted by telephone on September 29, 2022, and by exchanges of emails over the next several days; and an agreement was reached on October 2, 2022, in which the parties agreed to a particular division of the life insurance proceeds among them, agreed to a few other particular terms, and agreed that counsel for Williams and Janisse would draft a written agreement. Williams and Janisse subsequently sent Meyer a draft agreement that included a release by all parties of claims to the insurance proceeds. Meyer rejected that language and proposed a release by the parties of all claims of any kind against one another. Williams and Janisse did not agree to the proposed global release, and they proceeded to file the instant motion.

The parties' dispute, then, relates to a single issue. Williams and Janisse are willing to agree to a release of claims to the proceeds, but they argue that the settlement agreement reached by the parties does not include a global release, and they seek enforcement of that agreement. Meyer argues that the agreement does include a global release, and that the agreement should be interpreted as such; or else that the Court should conclude that no agreement was reached and that the litigation should therefore resume.

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *See United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993), *quoted in Wyoming v. Zinke*, 871 F.3d 1133, 1144 (10th Cir. 2017). "Issues involving the formation and construction of a purported

2

settlement agreement are resolved by applying state contract law." *See Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004).

> Kansas law concerning settlement agreements may be summarized as follows:
>
> To be enforceable, a settlement must contain [agreement] on all essential terms and the parties must intend to be bound. To ascertain whether the parties intended to be bound by a settlement agreement, the court determines whether the parties' outward expression of assent is sufficient to form a contract.
>
> Settlement agreements need not be in writing to be enforceable under Kansas law. Parties can bind themselves to a contract orally or by informal letters or e-mails. Finding otherwise would have a chilling effect on the parties' ability to rely on such forms of communication. Likewise, parties may intend to be bound by an agreement even though they contemplate incorporating into their agreement new matters to be agreed upon later. Thus, the fact that the parties contemplate the subsequent execution of a formal instrument as evidence of their agreement does not necessarily imply they have not already bound themselves to a definite and enforceable contract. However, where the intent of the parties is clear that they are negotiating with a definite understanding that the terms of any contract are not fully agreed upon and a written formal agreement is contemplated, and no valid, enforceable contract is to exist until the execution of such an agreement, a binding contract does not come into existence in the absence of such execution.
>
> Ordinarily, a party who knowingly and voluntarily authorizes the settlement of her claims cannot avoid the terms of the settlement simply because she changes her mind. In Kansas, in the absence of bad faith or fraud, when parties enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it.
>
> Where material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing.

*See Towers v. Wyandotte County Sheriff's Office*, 2018 WL 6324867, at *5 (D. Kan. Dec. 4, 2018) (citing cases) (footnotes and internal quotations omitted). As noted above, the

3

parties have not disputed the facts of their negotiation as related above; accordingly, no evidentiary hearing is required to resolve this motion.

Based on those undisputed facts, the Court finds that the parties did reach an agreement to settle this case on particular terms. All parties state that they agreed to a specific division of the stake held by the Court, agreed to specific additional terms, and agreed that counsel for Williams and Janisse would draft the written agreement. There is no evidence or argument to suggest that the parties did not agree to those terms. Nor is there evidence or argument that the parties intended that there be no agreement until a written document was executed.[1]

In addition, the parties' agreement did not include any promise or term concerning a release of claims by any party. The parties agree that there was no discussion of any release in the negotiations that led directly to the settlement agreement; thus there is no evidence that the parties agreed to any term relating to a release.

In opposing the motion, Meyer does not argue mistake or fraud. Instead, Meyer argues only that a release of claims was an essential term of the settlement agreement. Meyer has cited no law, however, suggesting that an agreement to settle a lawsuit must include a release of claims.[2]

---

[1] Meyer states explicitly in her brief that the parties "agreed" to the division of proceeds, the other specific terms, and that counsel for Williams and Janisse would draft the agreement – thus, an agreement was reached prior to the drafting of the written document.

[2] None of the briefs submitted by the parties contained any citation to legal authority.

Meyer also argues that her June 8 offer was for a particular division of the proceeds in exchange for an agreement by Williams and Janisse to release all claims against the parties.[3] Meyer concedes, however, that that offer included an expiration date of June 22, 2022. Although Meyer notes that opposing counsel indicated that he could not respond by the expiration date, Meyer has not offered evidence or argued that the expiration date of the June 8 offer was extended or that the offer was still open when an agreement was eventually reached months later. Nor is there evidence or argument that Williams and Janisse were specifically responding to (and agreeing to all other terms of) the June 8 offer when the parties reopened negotiations on September 29 (after each side had rejected at least one division proposed by the other).[4] The parties' agreement did not include any reference to a release or to the June 8 offer that included a release term. Because the June 8 offer expired, Williams and Janisse could not accept that offer, *see* Restatement (Second) of Contracts § 41(1), and any future offer by those parties did not include any release term. Thus, the expired June 8 offer has no effect on or relevance to the agreement reached by the parties.

Of course, the parties remain free to modify their agreement to include a release of some particular scope; but a release was not part of the agreement that was actually reached by the parties. The Court must and does enforce the parties' settlement agreement in

---

[3] Contrary to an argument by Williams and Janisse, the language in the offer, as quoted by Meyer (which quotation Williams and Janisse do not dispute), suggests a global release, not one limited to the claims in this action for the insurance proceeds. The Court need not definitively interpret the scope of the release proposed in the June 8 offer, however.

[4] Neither side submitted affidavits or copies of the settlement communications.

accordance with the agreed terms, which include the undisputed division and other terms, but which does not include any release, and the Court grants the instant motion to that extent.  The Clerk of the Court is ordered to pay out the stake that it holds to the trust account for counsel for Williams and Janisse, as agreed by the parties.

IT IS THEREFORE ORDERED BY THE COURT THAT the motion by defendants JoAnn Williams and Staci Janisse to enforce a settlement agreement between them and defendant Constance Meyer (Doc. # 75) is hereby **granted**, as more fully set forth herein, and the Clerk is ordered to pay out the entirety of the amount held by the Court to the trust account of counsel for Williams and Janisse.

IT IS SO ORDERED.

Dated this 17th day of November, 2022, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
